IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS RAY RIGSBY, JR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-21-316-R |
| | ) |
| DOCTOR FNU MARLER, individually and | ) |
| in his official capacity, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, who is detained in the Custer County Jail, appearing *pro se* and *in forma pauperis,* filed this action pursuant to 42 U.S.C. § 1983.[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Amanda Maxfield Green. On June 28, 2021, Judge Green issued a Report and Recommendation, wherein she recommends that the Court dismiss certain of Plaintiff's claims based on Eleventh Amendment immunity and others because he failed to state a claim for which relief can be granted. Plaintiff filed a timely objection to the Report and Recommendation (Doc. No. 12) as well as a Supplemental Objection to the Report and Recommendation (Doc. No. 13). These objections give rise to an obligation to conduct a *de novo* review of any portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this review, the Court finds as follows.

---

[1] "Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." See *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

As to the claims against the Defendants State of Oklahoma and Oklahoma State Penitentiary, Judge Green recommended dismissal on the basis of Eleventh Amendment immunity. Plaintiff objects, arguing that he is not "claiming against any judicial court or Honorablenesses." (Doc. No. 13, p. 3). Eleventh Amendment protection is not limited to state judicial officers or state courts. Rather, as explained in the Report and Recommendation, the amendment bars suit against the State as well as suits for damages against state officials—the doctors at OSP named as Defendants—in their official capacities. Accordingly, that Plaintiff did not name a court or a judge as a defendant is of no consequence and his objection is without merit.

As to Plaintiff's claims against the three doctors in their individual capacities and in their official capacities with regard to prospective injunctive relief, Judge Green recommends dismissal because Plaintiff has failed to state a claim for which relief can be granted.[2] Judge Green notes that Plaintiff makes allegations against only one of the three doctors specifically, Dr. Marlar, who allegedly told Plaintiff he lacked the authority to order an MRI. In his objection Plaintiff asserts that he told Dr. Marlar he was having cognitive issues during his detention at the Penitentiary and that Dr. Marlar responded that he would have to sue him because the doctor refused to send him for an MRI. (Doc. No. 13, p. 3). He complains that he has not been informed by the Clerk of Court or the Magistrate Judge how to request his medical records from the Penitentiary. (Doc. No. 12).[3]

---

[2] The Complaint purports to allege claims against three doctors—Doctor Marlar, Doctor LNU, and Doctor Pain.

[3] To the extent Plaintiff's objection raises issues related to his ongoing criminal case in the District Court of Custer County, CF-2020-123, such claims are not part of this action and his counsel's alleged deficiencies in that case should be addressed to that court.

The Court finds that even considering Plaintiff's additional factual allegations, he fails to state a claim for deliberate indifference against Dr. Marlar.[4] Disagreement with a medical professional about the course of necessary treatment is not a basis for finding deliberate indifference. The "deliberate indifference" standard includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). An inmate must allege presence of a serious medical need—that is, a serious illness or injury. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (*quoting Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)). A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976); *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a

---

[4] Plaintiff's objections do not address Dr. LNU or Dr. Pain and therefore the Report and Recommendation is adopted as to those Defendants without further discussion.

physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

Although the Court could grant Plaintiff leave to amend in an effort to remedy the shortcomings in his pleading, it declines to do so because venue is not proper in this District. "[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action. . . ." 28 U.S.C. § 1390(a). 28 U.S.C. § 1391 provides that venue is proper:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendants are employees of the Oklahoma Department of Corrections working at the Oklahoma State Penitentiary. The events giving rise to this suit allegedly occurred during Plaintiff's incarceration at the facility. The OSP is located in McAlester, Oklahoma, in Pittsburg County, Oklahoma, which is located within the Eastern District of Oklahoma.[5] Because venue would be proper in the Eastern District of Oklahoma, rather than in this District, Plaintiff, should he wish to amend his allegations, may begin anew there.

---

[5] The undersigned takes judicial notice of the location of the Oklahoma State Penitentiary. See Fed. R. Evid.201(b); see also United States v. Piggie, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial....").

Finally, in two separate letters, and again in his objection to the Report and Recommendation, Plaintiff requests that the Court appoint counsel for him pursuant to 28 U.S.C. § 1915. (Doc. Nos. 9, 11, 12). The Court hereby DENIES Plaintiff's motion. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). In deciding whether to appoint counsel, the Court evaluates the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and his ability to investigate the facts and present his claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 10th Cir. 1995). The Court declines Plaintiff's request because he has not stated a claim for deliberate indifference and it does not appear to the undersigned that he could do so given his allegations against Dr. Marlar. Furthermore, venue is not appropriate in this District, and appointed counsel would be futile.

For the reasons set forth herein, the Report and Recommendation is ADOPTED and the case is DISMISSED WITH PREJUDICE as to the State of Oklahoma, the Oklahoma State Penitentiary and the individual Defendants in their official capacities. Plaintiff's 42 U.S.C. § 1983 claims against the doctors in their individual capacities are dismissed without prejudice.

**IT IS SO ORDERED** this 17th day of September 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE